UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JUDEA R.,[1]

       Plaintiff,

  v.                                       1:20-cv-521-LJV
                                              DECISION & ORDER

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.
_____


      On August 29, 2013, the plaintiff, Judea R. ("Judea"), brought this action under the Social Security Act ("the Act").  She seeks review of the determination by the Commissioner of Social Security ("Commissioner") that she was not disabled.[2]  Docket Item 1.  On January 26, 2021, Judea moved for judgment on the pleadings, Docket Item 15; on March 24, 2021, the Commissioner responded and cross-moved for judgment on the pleadings, Docket Item 17; and on May 5, 2021, Judea replied, Docket Item 19.

---

[1] To protect the privacy interests of Social Security litigants while maintaining public access to judicial records, this Court will identify any non-government party in cases filed under 42 U.S.C. § 405(g) only by first name and last initial.  Standing Order, Identification of Non-government Parties in Social Security Opinions (W.D.N.Y. Nov. 18, 2020).

[2] Judea applied for both Social Security Income ("SSI") and Disability Insurance Benefits ("DIB").  One category of persons eligible for DIB includes any adult with a disability who, based on her quarters of qualifying work, meets the Act's insured-status requirements.  *See* 42 U.S.C. § 423(c); *see also Arnone v. Bowen*, 882 F.2d 34, 37-38 (2d Cir. 1989).  SSI, on the other hand, is paid to a person with a disability who also demonstrates financial need.  42 U.S.C. § 1382(a).  A qualified individual may receive both DIB and SSI, and the Social Security Administration uses the same five-step evaluation process to determine eligibility for both programs.  *See* 20 C.F.R §§ 404.1520(a)(4) (concerning DIB); 416.920(a)(4) (concerning SSI).

For the reasons stated below, this Court denies Judea's motion and grants the Commissioner's cross-motion.[3]

## BACKGROUND

Judea filed for benefits on August 29, 2013, alleging disability beginning May 30, 2013. Docket Item 13 at 202-216. On June 20, 2016, an ALJ denied her claim, *id.* at 17-34, and on March 7, 2017, the Appeals Council denied her request for review of the ALJ's decision, *id.* at 7-10. Judea then sought review in this Court, and on September 17, 2018, this Court vacated the Commissioner's decision and remanded the matter for further administrative proceedings. *Id.* at 700-712.

On remand, the Appeals Council vacated the ALJ's decision and sent the case back to an ALJ. *Id.* at 716. That ALJ issued a second unfavorable decision on December 31, 2019. *Id.* at 568-581. Judea then sought this Court's review for a second time.

## STANDARD OF REVIEW

"The scope of review of a disability determination . . . involves two levels of inquiry." *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987). The court "must first decide whether [the Commissioner] applied the correct legal principles in making the determination." *Id.* This includes ensuring "that the claimant has had a full hearing under the . . . regulations and in accordance with the beneficent purposes of the Social

---

[3] This Court assumes familiarity with the underlying facts, the procedural history, and the decision of the Administrative Law Judge ("ALJ") and will refer only to the facts and procedural history necessary to explain its decision.

Security Act." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (alterations omitted) (quoting *Cruz v. Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990)).  Then, the court "decide[s] whether the determination is supported by 'substantial evidence.'"  *Johnson*, 817 F.2d at 985 (quoting 42 U.S.C. § 405(g)).  "Substantial evidence" means "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  "Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."  *Johnson*, 817 F.2d at 986.

## DISCUSSION

Judea makes a single argument in support of her motion: She argues that the ALJ failed to properly evaluate the opinion of Ryan Ludwig, D.C.  Docket Item 15-1 at 1, 18-22.  This Court disagrees and therefore affirms the Commissioner's finding of no disability.

When determining a plaintiff's residual functional capacity ("RFC"),[4] the ALJ must evaluate every medical opinion in the record.  20 C.F.R. § 404.1527(c), 416.927(c).

---

[4] A claimant's RFC "is the most [she] can still do despite [her] limitations," 20 C.F.R. § 416.945, "in an ordinary work setting on a regular and continuing basis," *see Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999) (quoting SSR 86–8, 1986 WL 68636, at *8 (Jan. 1, 1986)).  "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule."  *Id.*

"[O]nly 'acceptable medical sources' can be considered treating sources . . . whose medical opinions may be entitled to controlling weight.  'Acceptable medical sources' are further defined (by regulation) as licensed physicians, psychologists, optometrists, podiatrists, and qualified speech-language pathologists."  *Genier v. Astrue*, 298 F. App'x 105, 108 (2d Cir. 2008) (citing 20 C.F.R. § 416.913(a) and SSR 06-03P, 2006 WL 2329939 (Aug. 9, 2009)).

The ALJ may consider the opinions of "other sources"—for example, chiropractors—but the ALJ is not obliged to assign weight or give deference to such sources.  *Id.*  Nevertheless, the ALJ "should explain the weight given to opinions from these 'other sources,' or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case."  SSR 06-03P, at *6.  When there is conflicting evidence in the claimant's record, the consistency of the opinion with the other evidence in the record is an appropriate factor for an ALJ to consider when weighing an opinion from an other source.  *See* 20 C.F.R. § 404.1527(c)(4), 416.927(c)(4).  Other factors include the length and nature of the relationship between the opinion source and the claimant, whether evidence supports the opinion, whether the source of the opinion has a relevant specialization, and other factors the claimant brings to the Commissioner's attention.  *See* 20 C.F.R. § 404.1527(c)(1)-(6),(f) and 416.927(c)(1)-(6),(f).

Judea argues that the ALJ erred by "reject[ing] the opinion of [DC Ludwig] for unsupported reasons and without considering relevant factors."  Docket Item 15-1 at 18.  More specifically, she argues that "[t]he ALJ erred by failing to consider the length and

4

frequency of the DC Ludwig's [sic] treating relationship, the nature and extent of the relationship, the amount of evidence the source presents to support his or her opinion, and DC Ludwig's area of specialization." *Id.* at 21.  But Judea offers no support for those conclusions.  And, in fact, they are largely incorrect.

The ALJ indeed addressed the factors outlined in 20 C.F.R. § 404.1527(c) and 416.927(c) in giving "little weight" to this opinion.  Docket Item 13 at 576, 578.  He referred to Judea's "chiropractic treatment" with "Ryan Ludwig, D.C.," thus acknowledging DC Ludwig's specialization in chiropractic.  *Id.* at 576.  He considered the length, frequency, extent, and nature of the treatment relationship, observing that DC Ludwig first examined Judea "two years after the alleged onset date" in November 2015 and continued to treat her into the following year.[5]  *Id.*  The ALJ noted a significant inconsistency in the opinion: DC Ludwig observed Judea had "no significant limitations in reaching, handling[,] or fingering" and yet found that she was "50% limited in handling and c[ould] do no reaching."  *Id.* at 576, 578 (citing *id.* at 527).  And the ALJ observed that other relevant evidence, including Judea's "own admitted level of activity"[6] and her return to work during the relevant period,[7] did not support Dr. Ludwig's opinion.  *Id.* at 578.

---

[5] The ALJ could have, and perhaps should have, been more detailed in addressing the length of treatment and number of visits.  But that does not give this Court pause because of the ALJ's careful analysis and evaluation of all the medical evidence and opinions, including DC Ludwig's.

[6] The ALJ credited Judea's testimony that she was "able to take public transportation, cook, clean, shop and launder as necessary."  *Id.* at 578, 594-99.

[7] The ALJ noted that Judea returned to work as a nurse's aide at "substantial gainful activity levels" from the end of 2018 into 2019.  *Id.* at 571.  The vocational expert classified her work as a "nurse assistant" (*Dictionary of Occupational Titles* code # 355.674-014) as generally performed at medium exertion.  *Id.* at 571, 633.  Judea

What is more, even if the ALJ had not addressed the relevant factors, his determination was the result of careful consideration of all the medical evidence in the record. In formulating Judea's RFC, the ALJ gave "significant weight" to the opinions of two physicians,[8] Joseph Falcone, M.D., and Cameron Huckell, M.D., and considered the opinions of four others. *Id.* at 578-79. And the ALJ incorporated limitations found by those physicians into Judea's RFC.[9]

For example, the ALJ limited Judea to lifting up to 50 pounds occasionally, *id.*, consistent with the opinions of Drs. Falcone and Huckell, *see id.* at 340 (Dr. Falcone's opinion limiting Judea to lifting "25 to 50 pounds" at most), *and id.* at 1242 (Dr. Huckell's opinion that Judea "should not lift anything greater than 50 pounds"). The ALJ found that Judea can only "occasionally bend, stoop, reach, twist[,] and crawl, . . . occasionally climb stairs and ramps, [and] never climb ropes, ladders[,] or scaffolds, *id.* at 574, again

---

testified that her duties included making beds and helping residents get dressed, use the facilities, and change position. *Id.* at 600-601.

[8] The ALJ gave significant weight to the opinions of Dr. Falcone and Dr. Huckell regarding Judea's "functional limitations and abilities." *Id.* at 579. He appropriately gave little weight to their statements about the ultimate issues of disability—i.e., "relating to partial, permanent, or temporary disability, or a percentage of impairment." *Id.*; *see also Greek v. Colvin*, 802 F.3d 370, 374 (2d Cir. 2015) ("The ultimate determination of whether a person has a disability within the meaning of the Act belongs to the Commissioner.") (citing *Snell v. Apfel*, 177 F.3d 128, 133–34 (2d Cir.1999); 20 C.F.R. § 404.1527(d)(1)).

[9] In assessing Judea's RFC, the ALJ determined that she could perform light work, defined under 20 C.F.R. § 404.1567(c) and 416.967(c), with the following exceptions: she "can lift, carry, push and pull 10 pounds frequently and up to 50 pounds occasionally[;] can stand and walk for six hour[s] in an eight hour day [and] can sit for six hours in an eight hour day, up to two hours continuously in any one activity with a break to follow of at least fifteen minutes[;] can occasionally bend, stoop, reach, twist[,] and crawl[;] can occasionally climb stairs and ramps[;] can never climb ropes, ladders[,] or scaffolds[;] can never work around hazards such as unprotected heights, or dangerous moving mechanical parts[;] [and] would be absent from work up to one day per month." Docket Item 13 at 574.

consistent with the opinions of Dr. Falcone and Dr. Huckell as well as with the opinion of Hongbiao Liu, M.D., *see id.* at 340 (Dr. Falcone's recommendation to avoid "prolonged bending, stretching or twisting"); *id.* at 1242 (Dr. Huckell's opinion that Judea "should avoid repetitive bending, stooping, reaching, twisting, crawling or climbing"); *id.* at 906 (Dr. Liu's finding a mild to moderate limitation for prolonged bending, kneeling, squatting, overhead reaching, or climbing stairs). The ALJ also accounted for the physicians' opinions about Judea's limitations in sitting, standing, and walking. *Compare id.* at 906 (Dr. Liu's finding a mild to moderate limitation on prolonged walking, sitting, or standing), *and id.* at 1242 (Dr. Huckell's opining that "Judea should avoid prolonged sitting, standing or walking for more than 2 hours at one time without breaks[,] and the total work day [sic] should not exceed 8 hours"), *with id.* at 574 (Judea "can stand and walk for six hour[s] in an eight hour day [and] can sit for six hours in an eight hour day, up to two hours continuously in any one activity with a break to follow of at least fifteen minutes.").[10]

Judea also argues that because DC Ludwig's opinion was consistent with his "own treatment notes," it is "entitled to at least some weight." Docket Item 15-1 at 21-22. But this Court may not "decide the facts anew, reweigh the evidence, or substitute its own judgment for that of the [ALJ]." *Fanton v. Astrue*, 2011 WL 282383, at *2

---

[10] The ALJ acknowledged that the opinions of Dr. Huckell and Dr. Falcone "were issued prior to the alleged onset date," but he explained that he still relied on those opinions because Judea "does not allege that there was any significant intervening injury or worsening of her impairment between when the opinions were issued and her alleged onset date." *Id.* at 579. Moreover, he assigned "partial weight" to the opinion of Dr. Liu which was issued much later—in 2019—and was "consistent with the earlier Huckell and Falcone reports." *Id.* So the ALJ relied on opinions that spanned the time at issue in formulating the RFC.

7

(W.D.N.Y. Jan. 25, 2011) (quoting *Delgado v. Bowen,* 782 F.2d 79, 82 (7th Cir. 1986)). Judea may disagree with the ALJ's conclusion, but this Court must "defer to the Commissioner's resolution of conflicting evidence" and reject the ALJ's findings "only if a reasonable factfinder would have to conclude otherwise." *Morris v. Berryhill*, 721 F. App'x 29 (2d Cir. 2018) (internal citations and quotations omitted); *see also Krull v. Colvin*, 669 F. App'x 31, 32 (2d Cir. 2016) ("[The plaintiff]'s disagreement is with the ALJ's weighing of the evidence, but the deferential standard of review prevents [the court] from reweighing it."). In other words, if substantial evidence in the record supports the ALJ's determination, the Court must affirm that conclusion. *See Davila-Marrero v. Apfel*, 4 F. App'x 45, 46 (2d Cir. 2001) (citing *Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir. 1990)). And that is the case here.

In sum, the ALJ clearly articulated his reasons for assigning little weight to DC Ludwig's opinion, and he appropriately evaluated that opinion in light of all the evidence in the record. *See* 20 C.F.R. § 404.1527(c)(4), 416.927(c)(4). He formulated Judea's RFC after carefully considering the record as a whole, including the opinions of DC Ludwig and other medical providers. Although the ALJ's conclusion was not the only possible conclusion, it was supported by substantial evidence. And for that reason, this Court is not free to second guess it.

## **CONCLUSION**

Although this Court has sympathy for Judea and the hardships that must stem from the impairments she experiences, the ALJ's decision neither was contrary to the substantial evidence in the record nor did it result from any legal error.  Therefore, and for the reasons stated above, Judea's motion for judgment on the pleadings, Docket Item 15, is DENIED; the Commissioner's cross motion for judgment on the pleadings, Docket Item 17, is GRANTED; the complaint is DISMISSED; and the Clerk of Court shall close the file.

SO ORDERED.

Dated:      March 9, 2022
            Buffalo, New York


                                                 */s/ Lawrence J. Vilardo*
                                                 LAWRENCE J. VILARDO
                                                 UNITED STATES DISTRICT JUDGE